OPINION AND ORDER
The issue in this appeal is whether the arraigning judge in this ease met the procedural requirements set forth in Ami to establish a valid guilty plea?

FACTUAL AND PROCEDURAL BACKGROUND

On December 28, 1997, Appellant, Everett Tawahongva was arrested in the village of Hotevilla for possession of alcohol in violation of Hopi Tribal Code, Ordinance 21, Section 3.3.83.
The Hopi Tribal Court arraigned Appellant on December 29, 1997, and Appellant pled “guilty” to the charge. The arraignment proceeding is recorded on a cassette tape. A complete transcript of the proceedings is attached to this opinion. At the Defendant’s request, the judge spoke to the Defendant in the Hopi language during the arraignment. The first thing the Prosecutor said during the arraignment is “The Hopi tribe moves to amend the complaint to include the words with intent to distribute.” The judge replies “let me respond to that in a little while. I must ask Defendant some questions in Hopi in regards to his arraignment.” Later during the arraignment the Judge asks *366 the defendant if he understands and consents to these amended words. (See transcript. pg. 2)
During the arraignment the judge showed the Defendant a copy of the complaint. The Judge also asked Defendant if he wanted an attorney and explained he could have one with no charge.

Discussion

In the case The Hopi Tribe v. Consolidated Cases of Emerson Ami, Ronald Gishey & Calvin Pa.vat.ea (Ami), this Court established standards for a valid guilty plea and applied these standards to facts. AP-003-89, AP-004-89, AP-003-88. We held that for a judge to accept a guilty plea, he must have: (1) read the complaint to the defendant; (2) give the eomplaint to the defendant; (3) explain the possible consequences to the defendant; (4) advise the defendant of his rights; (5) create a complete record of the proceedings; (6) determine that there is a factual basis for the plea; (7) determine the plea was voluntarily made; and (8)ask the defendant t.o plead to the charges. Id. at pgs. 14-15. These requirements are a compilation of the rules established for a valid guilty plea in Hopi Ordinance 21 [1], as well as rules required in Federal and Arizona state courts.
This Court adopted the additional standards as necessary to ensure a knowing, intelligent and voluntary plea by the defendant. Id. In Ami, we stated that “guilty pleas are valuable to the Tribe because they conserve judicial resources on less complex cases in which a defendant admits his guilt and allows the Tribe to punish these defendants.” Id. at p. 12. However, we also acknowledged that innocent Defendants may plead guilty for reasons other than a subjective belief of their own guilt, and consequently give up many important rights. Id. The requirements established for a valid guilty plea were created, with consideration of this conflict, in order to create a fair and efficient administration of the criminal justice system [2].
The court will be hesitant to uphold guilty pleas on appeal when the judge as not precisely followed the requirements of Ami, but minor deviations from the standard will be permitted if the Prosecutor proves “the defendant still entered a knowing, intelligent and voluntary guilty plea.” Id. at p. 15. The judge arraigning Gishey in Ami requirements followed precisely most of the requirements. Id. at p. 16. However, the judge did not read the complaint to the defendant, explain the charges to the defendant, nor advise defendant to his right to counsel. Id. The *367 Defendant implied he was pleading guilty to “put the whole experience behind him and fulfill his other obligations.” Id. at p. 17. For these reasons, the Court reversed appellant Gishey’s conviction. Id.

Decision of the Court

In evaluating appellant Tawa-hongva’s guilty plea, this Court recognizes that the trial judge complied with many of the procedural requirements outlined in this opinion. Specifically, the judge gave a copy of the complaint, to defendant, advised him of his rights to counsel, and called on him to plead to the charges. There was also made a complete recording of the proceedings.
However, the judge made three errors that prove fatal to the guilty plea. The judge did not explain the consequences of the plea, nor allow the prosecutor to explain the factual basis for the plea. The judge did not explain to the defendant that he was waiving his right to trial by jury, right to have witnesses testify on his behalf, right to cross examine witnesses, and right against self-incrimination.
Although the judge does make sure defendant has a copy of the complaint, when he explains the complaint, he focuses more on the amendment to the complaint than the complaint itself. (T. at p. 2). Never does the judge then explain the original charges, or describe the penalties attached to the charge.
These deviations from the standards set forth in Ami are in no way minor. These standards were established to ensure that Tawahongva makes a knowing, intelligent and voluntary guilty plea. In this case, like Ami the judge forgot many important steps. Also like Ami, the Court here is concerned that the Defendant did not have a proper understanding of what a guilty plea meant and did not knowingly waive his right to counsel. In fact, Tawahongva stated “I want to find someone to speak for me” and then asks questions about his specific case. (T. at 2.) The judge responds “that is up to the police, but I am unable to talk to you about that.” (T. at 3). The judge does not again mention the fact that Defendant expressly asked for counsel. Later Defendant stated “I don’t know what to do”. (T. at 3). In light of these facts, this court is concerned that Tawahongva did not knowingly waive his right to counsel or enter a valid guilty plea.

ORDER OF THE COURT

It is hereby ordered that the conviction in Tawahongva v. Hopi Tribe is REVERSED and the case is REMANDED to the trial court for proceedings consistent with this Opinion.
*368 [[Image here]]
*369 [[Image here]]
*370 [[Image here]]
*371 [[Image here]]

Transcript of Tawahongva Arraignment

December 29, 2997
J. Do you know why you are here?
D. Yes
J. The Hopi police arrested yesterday (because) they found out that you were in possession of alcoholic beverages so they brought you here when they brought you *372 here, you came in (to the courtroom) this morning but we were not (in session) until at noon at which time we came in, so we have brought you back in to find out a disposition for you. When one comes into this (room) one tells the judge what is your mind (about this matter). Perhaps you want to make a request for someone to speak for you, that is up to you. If you want someone like that, you can tell us and then we will consider it. But if you want someone (of your own choice) for that you will have to pay the cost of that (service) yourself. If you cannot afford it then there are lawyers who are resident next door here on the southwest side. They do not charge you (for their services).
Now if you do not wish to have them (for their services) and you want to act in your own behalf that’s up to you. If you act in your own behalf we will ask you how you will indicate your mind to the charge against you by the police, whether to admit it. If you admit it, then you will answer me by saying Guilty. But if you do not admit it, then you will say, Not Guilty. Then we will set the time for this for another day and you will come. When you come back then you (and the Prosecutor) will press this matter between you. Do you understand?
D. Yes
J. Since you have asked (for this) in the hopi language I have spoken to you in that manner. Before I go further I want to ask you .... this young lady (prosecutor) here represents the hopi people, the policemen, as a lawyer. She speaks for them, she will ask (about) this paper, a complaint .... do you have a copy?
D. Yes,
J. Give one to him (order to someone in court to hand defendant a copy of Complaint). Is that the one?
D. Yes
J. It is written on this yellow paper. Are you looking at it?
D. Yes
J. While you are looking at it, I want to help you understand things (in it). Do you read?
D. I don’t know how very well, but.
J. Alright, look at the paper. About down the middle (it says) “Did knowingly ....”, do you see it? It begins the paragraph, do you see it?
D. Yes
J. “Did knowingly ....” do you see it?
D. Yes
J. Now on this (piece of paper) the words of the policemen asks me this question, that they want to add something else to it, with these words, “with intent to distribute.” These words they want to add to it (charge) is what they are asking.
D. Yes, (I see).
J. “. with intent to distribute
...." if I translate this into Hopi for you, it says this, that you intended to give alcoholic beverage to others, to sell it to them, and these words will be asked on is the question. It is also a question for you according to your mind about it. If it is alright with you that we add these words. If it is all right with you we will add them in.”
Then if you wish to oppose it, you should tell them now. How do you say?
If you wish to find a lawyer to help you in dealing with this matter we will proceed that way.
*373 One, if it is alright with you to write those (words) into the paper (Complaint) then it wall be changed by that (addition)
Next, if you wish to oppose in your own behalf ...
Third, lastly, if you wish to say nothing now (but) find, someone to speak in your behalf, then he will find ways for you and tell us how to proceed
That is what I am asking. How do you say?
D. I want to find someone to speak for me, but can I say this, was it right for them (police) to pick me up as I came out of the Kiva to go to my car.... ?
J. That is up to the police ... but I am unable to talk to you about that now ... because I was not there.... I did not see you. And words of that kind do not have a place here at this time yet. The time for that is set for another time .... when you can talk about things like that.
D. I don’t know what to do.
J. Do you want to think about it (as to which way you want)? Perhaps you want to think about it ... .whether to find a lawyer who can help you how to proceed ... we can call you back ... I have to attend to these others now.
D. Okay
J. Just take a seat for a while.

. Hopi Ordinance 21. Tide II, chapter 6
2.6.1 ARRAIGNMENT—Defined. The arraignment must be made in open Court, and consists in reading the complaint to the defendant, and delivering to him a true copy thereof and of the endorsements thereon, and asking him whether he pleads guilty or not to the offense charged in the complaint.
2.6.2 PROCEDURE AT ARRAIGNMENT. Arraignment shall be conducted in open Court, and consists of the following:
a.Reading the complaint to the accused.
b. Stating to him the substance of the charge and the language of the law establishing the offense and fixing the penalty.
c. Advising him of his rights to counsel at his own expense, if he so desires.
d. Calling on him to plead to the charges.

. Historically, Hopi arraignments were held in CFR courts. At this time it was often more convenient to plead guilty. Maximum penalties were often jail for one day or a fifty dollar fine. The jailhouses at this time were not locked, and it was often very comfortable to go to jail. Therefore, it became common to always plead guilty at arraignments.